BRYANT B. AYSCUE, ADMINISTRATOR OF THE ESTATE OF FRANCIS LARRY AYSCUE, DECEASED, v. N. C. STATE HIGHWAY COMMISSION.

(Filed 12 April, 1967.)

**1. Highways § 9—**

    The State Highway Commission can be sued in tort for negligent injury only insofar as that right is conferred by the State Tort Claims Act, and that Act permits recovery only for injuries resulting from negligent acts of identified employees of the Commission and does not authorize recovery for injuries resulting from negligent omissions to act.

2. **Same—   Evidence held insufficient to show act of negligence so as to support recovery under Tort Claims Act.**

   Plaintiff's evidence was to the effect that his intestate, driving a trac- tor, attempted to make a left turn from a paved highway onto the paved portion of the intersecting highway, that the intersecting highway was paved on one but not the other side of the intersection, that traffic had thrown and rains had washed dirt and gravel from the unpaved portion onto the paved intersection, and that the tractor skidded on the dirt and gravel and turned over, resulting in fatal injury to intestate. *Held:* The failure of the Highway employees to remove the dirt and gravel from the intersection was not a negligent act on the part of its employees but, at most, a negligent failure to act, and the denial of a claim under the Tort Claims Act was proper.

3. **Same—**

   In a proceeding against the State Highway Commission under the Tort Claims Act it is required that the affidavit identify the employee of the Commission alleged to have committed the negligent act, and mere alle- gation that a named person was the Commission's road maintenance su- pervisor at the point of the accident, where the highway was allegedly defective, fails to meet this requirement.

APPEAL by plaintiff from *Johnson, J.,* at the December 1966 Civil Session of VANCE.

The plaintiff filed with the North Carolina Industrial Commis- sion his claim for damages on account of the death of his intestate, Larry Ayscue, a boy 13 years of age. In his affidavit of claim he al- leges that Larry was driving a farm tractor on Lynbank Road in Vance County, came to the intersection of that road with Watkins Township Road, attempted to turn left onto Watkins Township Road, and was killed when the tractor skidded upon an accumula- tion of gravel and loose stones upon the pavement in the intersec- tion, turned over and fell upon him. The affidavit further alleges that the State Highway Commission "negligently maintained the intersection * * * in a dangerous and hazardous condition," and that this negligence was the proximate cause of the death.

The Highway Commission filed answer denying all of the ma- terial allegations of the affidavit of claim, and pleading contributory negligence both by the deceased boy and by his father, who, as ex- ecutor, is the plaintiff in this proceeding.

It was stipulated that both roads, and the intersection thereof, were maintained by the defendant at the time of the accident and that the accident resulted in Larry's death, he being then 13 years of age. Evidence introduced by the plaintiff tended to show:

Larry was assisting his father in the work of operating the fam- ily farm and was driving the tractor in the course of that activity, it being a medium sized farm tractor with four wheels and being in

good operating condition. He had been driving such tractors for over three years and was a capable, careful driver.

On one side of the intersection the Watkins Township Road is paved. On the other side of the intersection it is not paved. The Lynbank Road is paved on both sides of the intersection and the intersection itself is paved. At the time of the accident, 75% of the intersection itself was substantially covered with loose gravel of the type used in road construction, the individual stones varying in diameter from a quarter of an inch to one inch, the depth of the accumulation on the pavement being one inch. The surface of the intersection and the accumulated gravel were dry. The gravel had been accumulating upon the surface of the intersection for several months prior to the accident. It came from that portion of the Watkins Township Road which is not paved. It was brought or thrown into the intersection by the movement of vehicles coming into the intersection from the unpaved portion of the Watkins Township Road and by washing as the result of heavy rainfall.

Larry approached the intersection at a speed of from 10 to 20 miles per hour on the Lynbank Road. He reduced the speed of the tractor and, upon entering the intersection, began a left turn so as to go onto the paved portion of the Watkins Township Road. While he was in the process of making this left turn, the tractor skidded on the gravel in the intersection, overturned and killed him.

The Hearing Commissioner made findings of fact and conclusions of law and ordered the payment of damages to the plaintiff. The defendant appealed to the full Industrial Commission. The full Commission reviewed the matter and entered its order containing its finding of fact, "There was no negligent act on the part of a named employee of defendant," and its conclusion of law, "No named employee of the defendant committed a negligent act at the time complained of." The full Commission thereupon ordered that the plaintiff's claim for damages be denied. On appeal by the plaintiff, the superior court affirmed the order of the full Commission. From that judgment this appeal was taken.

*Perry, Kittrell, Blackburn & Blackburn for plaintiff appellant.*
*Attorney General Bruton, Deputy Attorney General Lewis and Staff Attorney Parker for defendant appellee.*

PER CURIAM. No action, or other proceeding, may be maintained against the State Highway Commission to recover damages for death or other injury caused by its negligence or other tort, except insofar as that right is conferred by the Tort Claims Act. *Teer Co. v. Highway Commission,* 265 N.C. 1, 9, 143 S.E. 2d 247. That

act provides that the Industrial Commission shall determine whether such claim arose as the result of "a negligent act" of an officer, employee, involuntary servant or agent of the State under circumstances such that if the State were a private person it would be liable to the claimant. G.S. 143-291. The act permits recovery only for negligent acts of employees of the Highway Commission, not for their negligent omissions or failures to act. *Wrape v. Highway Commission,* 263 N.C. 499, 139 S.E. 2d 570; *Flynn v. Highway Commission,* 244 N.C. 617, 94 S.E. 2d 571.

It is necessary to recovery that the affidavit filed in support of the claim and the evidence offered before the Commission identify the employee alleged to have been negligent and set forth the specific act or acts of negligence relied upon. *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703. The affidavit filed with the Commission in this instance does not comply with either of these requirements. It alleges that J. B. Harris is the defendant's road maintenance supervisor for Vance County, but it does not allege any act done by him and there is no evidence of any act by this employee.

The plaintiff's evidence shows that the gravel was not placed upon the intersection by any employee of the defendant. The failure of the defendant's employees to remove it cannot be basis for an award under the Tort Claims Act. The Industrial Commission found as a fact that, "There was no negligent act on the part of a named employee of defendant." There is no evidence in the record to support a contrary finding. Therefore, the record would not support an order for the payment of damages to the plaintiff.

It is not necessary to consider exceptions by the plaintiff to the exclusion of evidence offered by him since, had all of this evidence been admitted, it would not have supplied any proof of the above mentioned prerequisite to a right of recovery in the plaintiff.

There is no evidence in the record which would support a finding of negligent construction of either of these roads, as the plaintiff contends in his brief. The mere showing that gravel accumulated upon the intersection is not evidence of negligent construction.

Affirmed.