JEWRUSHER McEACHIN, GUARDIAN AD LITEM, FOR PLIMPTON LEE ROBINSON, MINOR v. WAKE COUNTY BOARD OF EDUCATION

No. 9010IC184

(Filed 15 January 1991)

**Schools § 11.1 (NCI3d); State § 8.4 (NCI3d) — injury from rolling school bus — no negligence by driver**

In a proceeding under the Tort Claims Act to recover for personal injuries allegedly resulting from the negligence of a school bus driver, evidence was sufficient to show that the driver was not negligent where it tended to show that an acquaintance of the driver ran onto the bus, began shoving

the driver, and bumped against the emergency brake, causing it to release and the bus to roll forward, pinning plaintiff between the bus and another one in front of it.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 580.**

APPEAL by plaintiff from the North Carolina Industrial Commission. Order entered 21 September 1989. Heard in the Court of Appeals 10 December 1990.

This is a proceeding under the North Carolina Tort Claims Act wherein plaintiff seeks to recover damages for personal injuries allegedly resulting from the negligence of Edwin Cannady, driver of a school bus for the Wake County Board of Education.

The evidence in the record tends to show the following: On 17 December 1986 at approximately 2:40 p.m., Wake County School Bus number 448, driven by 17-year-old Edwin Cannady, was parked in the standard bumper-to-bumper loading formation outside Enloe High School in Raleigh, North Carolina. Cannady was seated in the driver's seat with his seat belt on and the door to the bus open preparing to load students. Another school bus was parked less than five feet in front of Cannady's bus. Cannady was loading the students with the ignition on, the bus in neutral, and the emergency hand brake engaged. While Cannady was sitting in the driver's seat with the door to the bus open, Michael Jackson, an acquaintance of Cannady's from another school, ran onto the bus, grabbed Cannady by the shirt and began shoving him against the driver's seat. In the course of the attack, Jackson accidentally, and unbeknownst to Cannady, hit the emergency brake with his (Jackson's) leg causing the bus to roll forward and pin plaintiff, who was walking in front of Cannady's bus at that exact moment, between Cannady's bus and the bus in front of it.

From the evidence introduced at the hearing, the Commission made the following critical findings of fact:

7. Jackson's actions on 17 December 1986 were the sole proximate cause of plaintiff's injuries. Cannady had no control over Jackson's presence on the bus or his actions while on the bus. Cannady exercised due care in his efforts to get Jackson off the bus without engaging in an out-and-out fight with Jackson.

McEACHIN v. WAKE COUNTY BD. OF EDUCATION

[101 N.C. App. 399 (1991)]

8. Cannady did not have a last clear chance to avoid the accident, inasmuch as he did not know Jackson had hit the emergency brake and that the bus was rolling until it actually hit plaintiff. Even if he had known, it all happened so fast that plaintiff did not have the time to get out of the way and Cannady, who was attempting to ward off Jackson, certainly did not have time and thus the means to stop the bus before it hit plaintiff.

From the findings of fact, the Commission made the following conclusions of law:

. . . Under the circumstances, Cannady exercised due care in the operation of the school bus on 17 December 1986. . . . A reasonably prudent person could not in the exercise of ordinary care foresee that an uninvited acquaintance would board a bus for the sole purpose of harassing the driver and in the process hit the emergency brake to cause the bus to roll. Cannady was not negligent and in no way contributed to the negligence of Jackson so as to be a concurrent proximate cause of plaintiff's injuries. Jackson's conduct was the sole proximate cause of plaintiff's injuries and Cannady did not have the last clear chance to avoid the harm.

From an order denying plaintiff's claim, plaintiff appealed.

*George Ligon, Jr., for plaintiff, appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kimberly L. Cramer, for the State.*

HEDRICK, Chief Judge.

In order to prevail under the North Carolina Tort Claims Act, plaintiff must prove negligence on the part of the named State employee while acting within the course and scope of his employment. *Ayscue v. State Highway Commission*, 270 N.C. 100, 153 S.E.2d 823 (1967). The only question before the Commission in this case was whether the driver of the school bus was negligent in the operation of the bus and whether such negligence was a proximate cause of the injuries to plaintiff. The only question before us is whether the critical findings of fact made by the Commission are supported by the evidence and whether such findings support the conclusion of law that the driver was not negligent and that the

sole proximate cause of plaintiff's injuries was the conduct of Michael Jackson.

The critical findings made by the Commission are amply supported by the evidence, and these findings support the conclusion that Cannady was not negligent in any way and that the sole proximate cause of the injuries to plaintiff was the conduct of Jackson in running onto the bus, attacking Cannady and releasing the emergency brake allowing the bus to move forward and pin plaintiff between Cannady's bus and the bus in front of it.

The order of the Commission will be affirmed.

Affirmed.

Judges WELLS and ORR concur.