***********
The undersigned have reviewed the prior Decision and Order based upon the evidence of record. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff was injured while involved in a fight with another inmate. It appears that plaintiff and another inmate had been arguing at an earlier time, and that evening while in the living quarters, the parties started arguing again. However, at that time, Officer Nichols ordered the parties to break it up and return to their beds for a head count. After the head count, the argument resumed and a fight started. During the argument, plaintiff turned around to leave, and the other inmate hit him from the side or rear. Plaintiff did not see the punch, nor did he expect it. Otherwise, according to plaintiff, he would not have turned his back to walk away. Officer Nichols did not expect or foresee the fight either. Once Officer Nichols saw the fight, he took appropriate action and called for security. It is a policy that no officer alone should run into a fight to break it up. That action would place the officer in extreme danger.
2. As a result of the fight, plaintiff suffered injuries to his cheekbone, right side of the face, and an injury to the eye.
3. Plaintiff received medical treatment for his injuries at the prison medical facility.
4. Plaintiff filed suit against the state alleging that Officer Buford was negligent in not foreseeing that a fight would eventually start. Furthermore, plaintiff felt that the officer should have come in to break up the fight in a quicker manner than he did. At the hearing, plaintiff testified that it was Officer Nichols that should have anticipated and ended the fight sooner.
5. There was no credible or competent evidence that any particular employee of defendant was negligent in not foreseeing the fight or that improper procedures were followed in breaking up the fight. The matter was handled according to proper procedures.
 ***********
Based on the foregoing findings of facts, the full commission makes the following:
 CONCLUSIONS OF LAW
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission, 265 N.C. 1,143 S.E.2d 247 (1965). Plaintiff has the burden to prove all elements of negligence on the part of an alleged employee of defendant named in the affidavit of claim. N.C. Gen. Stat. §§ 143-291, 143-297.
2. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff was owed a certain duty and that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury. Bolkir v. NCSU, 321 N.C. 706, 365 S.E.2d 898 (1988).
3. In order to recover, the affidavit filed in support of the claim and the evidence offered before the Commission must identify a specific employee alleged to have been negligent and set forth the act or acts of negligence relied upon for each. Ayscue v. North Carolina State HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967). Without proof of negligence by a named employee, plaintiff may not recover. Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979).
4. Pursuant to N.C. Gen. Stat. § 143-291, plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. To establish actionable negligence, plaintiff must show that: "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury."Bolkir, 321 N.C. at 709, 365 S.E.2d at 900. Plaintiff produced no competent or credible evidence that any employee of defendant breached a duty to him and that breach was a proximate cause of his injury.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the undersigned enters the following:
 ORDER
1. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b), defendant's motion to dismiss plaintiff's claim with prejudice is GRANTED.
2. Each side shall bear its own costs.
This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN