***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order; therefore, the Full Commission AFFIRMS the Decision and Order of the Deputy Commissioner.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACTS
1. Plaintiff was injured in a fight with another inmate, Rodney Taylor, while he was working as a barber at Central Prison.
2. As a result of the fight, plaintiff suffered an injury to his eye.
3. Plaintiff received medical treatment for his injuries at the prison medical facility.
4. Plaintiff filed suit against the state alleging that state employee Correctional Officer L. Mitchell was negligent in not anticipating and preventing the assault.
5. There was no credible or competent evidence that any particular employee of defendant was negligent in this matter. Officer Mitchell and Lieutenant Donny Ray Raynor were present, and they acted in a swift and reasonable manner in breaking up the fight. Under the circumstances, there was nothing else that could have been done to prevent the assault. Nobody foresaw it happening.
6. Plaintiff filed this suit and presented no evidence whatsoever that anyone was negligent.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission, 265 N.C. 1,143 S.E.2d 247 (1965). Plaintiff has the burden to prove all elements of negligence on the part of an alleged employee of defendant named in the affidavit of claim. N.C. Gen. Stat. §§ 143-291, 143-297.
2. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff was owed a certain duty and that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury. Bolkir v. NCSU, 321 N.C. 706, 365 S.E.2d 898 (1988).
3. In order to recover, the affidavit filed in support of the claim and the evidence offered before the Commission must identify a specific employee alleged to have been negligent and set forth the act or acts of negligence relied upon for each. Ayscue v. North Carolina State HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967). Without proof of negligence by a named employee, plaintiff may not recover. Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979).
4. Plaintiff produced no competent or credible evidence of any negligence on the part of any guards or any other employee of defendant.
5. Plaintiff failed to show by the greater weight of the evidence that any named employee of defendant was negligent.
6. Plaintiff failed to show by the greater weight of the evidence a negligent act or omission on the part of an employee of defendant was the proximate cause of his injury.
7. Plaintiff has shown no right to relief.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED with prejudice.
2. No costs are taxed to either party.
This the ___ day of July 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER