***********
The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Gregory. The appealing party has not shown good ground to amend the Decision and Order. The Full Commission hereby AFFIRMS the decision of the Deputy Commissioner.
 ***********
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
Stipulated exhibit #1 — written statement of Gregory Poythress.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following additional
 FINDINGS OF FACT
1. On or about October 17, 2001, the plaintiff was incarcerated at Caledonia Correctional Institution ("Caledonia").
2. On October 25, 2001, plaintiff filed his tort claim with the Industrial Commission. Plaintiff alleged in his affidavit that, on October 17, 2001, Sgt. Gregory Poythress ordered him to eat in the diet line, the diet line refused to feed him, and Sgt. Poythress ordered the plaintiff to leave the mess hall unfed. During his testimony at the hearing, the plaintiff alleged that he was denied a total of eleven (11) meals over the four days immediately following the incident on October 17, 2001. The plaintiff alleged that he spent approximately forty dollars ($40) on sandwiches, twenty-eight dollars ($28) on medical expenses, and another six dollars ($6) as a result of being denied food.
3. Prior to October 17, 2001, plaintiff had been assigned to a diet meal, which consisted of a regular meal supplemented with a 360 calorie formula "boost" to increase the caloric intake.
4. On October 17, 2001, Sgt. Poythress saw plaintiff going through the regular line, asked him if he was off the diet line, and plaintiff indicated he was not. Sgt. Poythress then gave plaintiff a direct order to get his meal from the diet line. Plaintiff chose not to eat and left the dining hall on his own.
5. Plaintiff could have gone through the diet line, as instructed by Sgt. Poythress, and received the same meal as the regular line with the addition of a calorie boost formula.
6. Plaintiff provided no evidence to show that he was denied food or suffered any damages of any kind due to the actions of the defendant.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSION OF LAW
1. N.C. Gen. Stat. § 143-291 confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the defendant agency. G.S. § 143-291 et seq. and Ayscue v. Highway Commission,270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v. DOT, 93 N.C. App. 214,377 S.E.2d 267, cert. denied, 325 N.C. 230, 381 S.E.2d 792 (1989).
3. The Tort Claims Act must be strictly construed. NorthwesternDistributors, Inc. v. DOT, 41 N.C. App. 548, 255 S.E.2d 203, cert.denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
4. Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. Plaintiff must prove (1) existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; (4) as a proximate result of the breach of duty. Pulley v. Rex Hospital,326 N.C. 701, 392 S.E.2d 380 (1990), Bolkir, 321 N.C. at 709,365 S.E.2d at 900.
5. Plaintiff has not proven that any officers, agents or employees of defendant were negligent or that he sustained any injuries as a proximate result of the actions of any office, agent, or employee of defendant.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Plaintiff's claim should be, and hereby is, dismissed with prejudice.
2. Each side shall pay its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER