***********
The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Gregory. The appealing party has not shown good ground to amend the Decision and Order. The Full Commission hereby AFFIRMS the decision of the Deputy Commissioner.
 ***********
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
Stipulated Exhibit #1 consisting of plaintiff's medical records.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following additional
 FINDINGS OF FACT
1. Plaintiff has pre-existing foot problems and right ankle problems as well as varicose veins. Plaintiff was incarcerated in 1996 at Nash Correctional Center where he was allowed to wear street shoes and orthopedic boots. Beginning March 19, 1998, plaintiff was incarcerated at Robeson Correctional Center where street shoes and orthopedic boots were not allowed. Plaintiff had difficulty due to his foot and right ankle problems for which he was treated by Dr. Collins who provided medication which plaintiff indicated did not provide relief. Plaintiff was referred for x-rays of his right ankle on June 16, 1999, which did not reveal any condition requiring treatment. Plaintiff indicated that he requested to have Dr. Collins refer him to a specialist. However, in Dr. Collins' opinion, a specialist was not warranted and plaintiff's exam revealed no deformity.
2. On September 6, 2001 plaintiff filed his tort claim with the Industrial Commission. Plaintiff alleged in his affidavit that, in September 1999, and at times before and thereafter, defendant's medical staff denied him medical treatment for foot and ankle problems, including treatment by a specialist and street shoes or orthotic shoes or boots.
3. On November 22, 1999, Dr. Collins referred plaintiff for an evaluation with an orthopedist. Upon referral, the evaluating physician found that plaintiff has chronic foot pain that is not surgically treatable. Therefore, it was found that plaintiff would be more comfortable in tennis shoes and a recommendation was made that plaintiff wear street shoes with an emphasis that orthotics be provided with the street shoes. No orthotic boots or referral to a podiatrist was recommended. Thereafter, defendant's utilization review committee denied the request. Plaintiff participated in a grievance procedure in February 2002 in order to obtain tennis shoes.
4. At the time of the hearing, plaintiff appeared wearing converse tennis shoes, which he obtained from defendant's canteen. These shoes are authorized for inmates within the Department of Correction. Nevertheless, plaintiff contends that he is entitled to orthotic boots, which could potentially pose a safety or security problem. There is no evidence of record that orthotic boots have been recommended by a medical expert. Nevertheless, while plaintiff's new tennis shoes meet in part the recommendation of the orthopedist and the shoes do not violate defendant's policy. However, plaintiff was never provided orthotics as recommended by the specialist.
5. Plaintiff was seen by one specialist and no further specialists were recommended. Therefore, defendants were reasonable and breached no duty when they failed to refer plaintiff to a podiatrist. Furthermore, defendants breached no duty when they failed to provide boots to plaintiff. However, defendant had a duty to provide medical treatment and to comply with reasonable recommendations for medical care to plaintiff, specifically the recommended orthotics for his tennis shoes and defendant failed to do so. Defendant's failure to provide orthotics for plaintiff's tennis shoes proximately resulted in pain and discomfort to plaintiff. Furthermore, plaintiff continues to be in need of orthotics for his new tennis shoes.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSION OF LAW
1. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the defendant agency. G.S. § 143-291 et seq. and Ayscue v. Highway Commission,270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v. DOT, 93 N.C. App. 214,377 S.E.2d 267, cert. denied, 325 N.C. 230, 381 S.E.2d 792 (1989).
2. Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. Plaintiff must prove (1) existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; (4) as a proximate result of the breach of duty. Pulley v. Rex Hospital,326 N.C. 701, 392 S.E.2d 380 (1990).
3. Plaintiff has proven that defendant breached its duty to provide reasonable medical treatment by refusing to provide orthotics for his tennis shoes as recommended by the orthopedist. This breach proximately resulted in pain and discomfort to plaintiff.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Defendant shall pay plaintiff $100.00 for the pain and discomfort he has experienced as a result of defendant's negligence in failing to provide orthopedic inserts.
2. Defendant shall pay the costs due this Commission.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER