* * * * * * * * * * *
The Full Commission reviewed the prior Interlocutory Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Interlocutory Decision and Order. Accordingly, the Full Commission affirms the Interlocutory Decision and Order of Chief Deputy Commissioner Gheen.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff alleges claims for medical negligence, intentional acts and retaliatory acts in his Tort Claim Affidavit filed with the North Carolina Industrial Commission. Specifically, the plaintiff alleges that he was denied participation in the Mutual Agreement Parole Program and that he was not properly treated for a hernia.
 a. Imprisonment Status
2. The plaintiff essentially contends that employees of the NCDOC have improperly failed to follow North Carolina law and applicable administrative regulations denying the plaintiff minimum custody status and work release status.
3. It appears that NCDOC officials calculated the plaintiff's sentence in accordance with its interpretation of applicable laws and statutes.
4. The plaintiff filed a motion in the General Court of Justice, Superior Court Division, Mecklenburg County, File No. 91-CRS-12500, which was treated by the Court as a Motion for Appropriate Relief. The Superior Court denied the plaintiff's Motion for Appropriate Relief on November 11, 2003. The plaintiff contended at hearing that another Superior Court in Buncombe County also denied a Motion for Appropriate Relief. He provided a copy of the Mecklenburg County decision and a copy of the North Carolina Court of Appeals decision denying Plaintiff's Writ of Certiorari from a proceeding in Buncombe County. At hearing, the plaintiff contended that both courts had directed this matter to the North Carolina Industrial Commission.
5. The documents submitted have been reviewed and nothing contained in either order can be interpreted as establishing that the North Carolina Industrial Commission has jurisdiction over disputes related to calculation of custody status during a term of imprisonment.
 b. Medical Negligence
6. The plaintiff did not provide an affidavit from a doctor or medical expert pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
7. NCDOC moved to dismiss the plaintiff's claim for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Further, NCDOC moved to dismiss the plaintiff's claims asserting lack of subject matter jurisdiction on the basis that the plaintiff alleged intentional and retaliatory acts, not negligent acts.
8. The plaintiff requested an opportunity to produce an affidavit in compliance with Rule 9(j). He does not have a complete copy of his medical records that are in the care, custody and control of the NCDOC.
9. The plaintiff filed an additional motion to amend to add a claim for medical negligence against NCDOC based on the alleged actions of Dr. Robert Whren.
10. NCDOC filed a motion opposing the plaintiff's motion to amend.
11. The plaintiff requested a voluntary dismissal without prejudice of the amended claim alleging negligence on the part of Dr. Whren.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the defendant agency. N.C. Gen. Stat. § 143-291, et seq; Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230, 381 S.E.2d 792 (1989). The forecast of evidence is that NCDOC employees calculated the plaintiff's status for minimum custody and work release in accordance with their interpretation of applicable statutes and administrative regulations. The application of law and administrative regulations to the determination of custody status under these circumstances is not a claim for negligence within the purview of the State Tort Claim Act. N.C. Gen. Stat. § 143-291.
3. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 21.12 shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
4. Pursuant to N.C. Gen. Stat. § 90-21.12, the plaintiff must show that the defendant's physician provided the plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. CanalIndus., Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
5. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State.
6. The plaintiff's Affidavit alleged intentional and retaliatory acts on the part of the defendant. Intentional acts and retaliatory acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and retaliatory acts.
7. A civil action may be dismissed without prejudice at any time prior to the close of the evidence in the plaintiff's case. N.C. Gen. Stat. § 1A-1, Rule 45.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. NCDOC will serve a complete copy of the plaintiff's medical records from April 1, 2001 through December 31, 2003, on the plaintiff and the Industrial Commission within 60 days of the stamped filing date of this order, if not already done.
2. The plaintiff shall have 90 days from the stamped filing date of this order, if not already done, to secure an affidavit that complies with Rule 9(j) of the North Carolina Rules of Civil Procedure from a medical expert who has reviewed the plaintiff's claim and is willing to testify.
3. If the plaintiff does not provide a letter or affidavit from a doctor or medical expert within the time permitted, the plaintiff's civil action shall be dismissed.
4. The plaintiff's claims under the State Tort Claims Act alleging that his custody status within the NCDOC must be and are hereby DISMISSED WITH PREJUDICE.
5. The plaintiff's motion to amend adding a medical negligence claim with respect to Dr. Robert Whren is allowed and is hereby DISMISSED WITHOUT PREJUDICE.
6. The plaintiff shall have one year from the stamped filing date of this Interlocutory Decision and Order to re-file his tort claim as to Dr. Whren. If the plaintiff refiles his civil action and does not provide a letter or affidavit from a doctor or medical expert, the plaintiff's civil action shall be dismissed.
7. This matter is hereby remanded to Chief Deputy Commissioner Gheen for further hearing on the merits, if necessary, and the entry of a final Decision and Order that is consistent with this Interlocutory Decision and Order.
8. No costs are taxed at this time.
This the 28th day of June 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER