***********
The following documents were proffered as evidence as:
 EXHIBITS 1. Plaintiff's Exhibit #1: List of items prepared by plaintiff
 2. Defendant's Exhibit #1: Administrative Remedy Procedure form
 3. Defendant's Exhibit #2: Personal property inventory form dated 6/3/03
 4. Defendant's Exhibit #3: Personal property inventory form dated 6/3/03
 ***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. *Page 2 
Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleged that during the transfer of his property on 3 June 2003, several items, including eyeglasses, were negligently lost or disposed of by employees or agents of defendant. Defendant moved to dismiss plaintiff's claim. Defendant's Motion to Dismiss was denied by Order of Chief Deputy Commissioner Stephen T. Gheen dated 29 December 2005.
2. On 3 June 2003, plaintiff was removed from his cell and placed into segregated custody. As a regular practice under these circumstances, plaintiff's belongings were removed from his cell and inventoried.
3. Two Personal Property Inventory Forms, dated 6/3/03, were prepared. Neither inventory list contains a listing for eyeglasses. Both inventories were signed by plaintiff acknowledging the accuracy and completeness of each inventory form.
4. On 13 June 2003, plaintiff filed an affidavit in which the only item he claims to be missing is a pair of gold frame glasses.
5. At the hearing before the Deputy Commissioner, plaintiff presented a list of items he claims were missing from that inventory, for a loss in an amount totaling $1,856.00. A review of plaintiff's list shows that all the items are listed on the inventories provided by defendant and signed by plaintiff as being accurate on 3 June 2003. *Page 3 
6. The Full Commission finds that plaintiff's claim for the item listed is not credible and unsupported by the evidence.
7. As plaintiff's eyeglasses are not listed on either of the inventories presented to plaintiff on 3 June 2003, there is insufficient evidence establishing that the glasses were in plaintiff's cell when his property was removed and inventoried by defendant. Accordingly, there is insufficient evidence to show that defendant negligently handled the glasses or caused the loss of the glasses.
8. The Full Commission finds that the greater weight of the evidence fails to show negligence on the part of defendant or damages suffered by plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. Plaintiff has failed to show by the greater weight of the evidence that defendant was negligent in the bailment of his glasses or that any acts by defendant resulted in the loss of the glasses. N.C. Gen. Stat. § 143-291 et seq. *Page 4 
3. Further, as plaintiff has not shown that the glasses were in the cell at the time his property was removed and inventoried by defendant, he has not shown that he suffered any damages as a result of any acts by defendant. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover nothing from NCDOC, and his claim against the NCDOC is dismissed.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 21st day of May, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1