***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Donovan, with minor modifications and enters the following Decision and Order.
 ***********
The following documents were entered into evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Report of accident to inmate *Page 2 
2. Defendant's Exhibit #2: Administrative Remedy Procedure forms
3. Defendant's Exhibit #3: Incident Report
 *********** ISSUES
1. Whether Plaintiff was injured due the negligence of defendant's employees during the course of an automobile accident in which he was a passenger.
2. Whether Defendant's motion to dismiss plaintiff's claim on the ground that plaintiff failed to state a claim upon which relief can be granted even if his allegations are taken as true, should be a allowed.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. On 19 March 2007, plaintiff was being transported by mini-van from the Duke Eye Center to Eastern Correctional Institution. Officer Billie Jo Shirley was driving the vehicle and Shalik Thomas was the accompanying officer. Plaintiff was the only passenger in the van.
2. At approximately 3:30 p.m., the car in front of the van stopped suddenly, requiring Officer Shirley to stop. Plaintiff was propelled to the front of the mini-van where he struck the wire mesh security screen with his head, suffering injury to his scalp in the form of a severe abrasion, approximately 1½ inches wide and 6 inches long.
3. Plaintiff was taken to Pitt County Memorial Hospital where he received treatment. Plaintiff retains a visible scar from the incident.
4. Evidence was presented that there were seatbelts available in the mini-van. Officer Shirley did not place a seatbelt on plaintiff, and plaintiff did not request the he be belted *Page 3 
into the seat. While there was testimony that plaintiff was in restraints, there was no testimony as to whether plaintiff could have put himself in the seatbelt had he desired to do so.
5. The policy of the Division of Prisons requires that passengers in the front seat of vehicles be required to wear seatbelts. Failure of a passenger in a rear seat to wear a belt does not constitute a violation.
6. The prison policy is to place a seatbelt on a passenger when it is requested by the passenger. Plaintiff did not request the use of a seatbelt.
 ***********
Based upon the foregoing Findings of Fact, the undersigned hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. Plaintiff has failed to show by the greater weight of the evidence that defendant's employees breached a duty to plaintiff by not placing him in a seatbelt when transporting him to Central Prison. Further, even if negligence could be established, plaintiff has shown contributory negligence in failing to request a seatbelt when he entered the van and took his seat.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore: *Page 4 
 ORDERED
1. Plaintiff shall have and recover nothing from NCDOC, and his claim against the NCDOC is dismissed.
2. Each party shall pay its own costs.
This the __ day of April 2009.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/______________ STACI T. MEYER COMMISSIONER *Page 1