* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Holmes and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Holmes, with minor modifications and enters the following Decision and Order.
 * * * * * * * * * * *
Based upon the competent evidence of record the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff's Affidavit claimed that Defendant's staff brought Plaintiff his property *Page 2 
on June 28, 2006 but the property brought to him was not his property and that his RCA radio and headphones were missing.
2. On June 28, 2006, Plaintiff was in the care and custody of the Defendant and housed at Lanesboro Correctional Institution.
3. Plaintiff claimed that he had been sent to administrative segregation for a year and that when he was released from administrative segregation on June 28, 2006, his personal property was not returned to him.
4. Specifically, Plaintiff alleged in his testimony that Correctional Officer Stinson gave his personal property to another inmate and that the unnamed inmate refused to return Plaintiff's property.
5. Upon cross-examination, Defendant asked for a copy of the DC-160 used to inventory Plaintiff's personal property upon his move into segregation in order to offer proof of items allegedly lost. Plaintiff presented a DC-160 dated May 2, 2006. Defense counsel noted that Plaintiff's signatures on the DC-160 had been scratched out and so the DC-160 was altered.
6. Plaintiff argued that Defendant was under a duty to return Plaintiff's property upon his release from administrative segregation. Defendant argued that Defendant had no duty to return Plaintiff's personal property.
7. The Deputy Commissioner took leave, ex mero motu, to examine and describe the DC-160, also known as the Division of Prisons Personal Property Inventory. The form is comprised of three sheets of paper. The papers are white, blue and yellow in color. The white paper is for the facility, the blue copy is for the unit file and the yellow copy is for the inmate. The first line of the form leaves a space for information such as the inmate's name, O.P.U.S. number, facility and date. Additionally, there are options that can be circled to describe the *Page 3 
reason the DC-160 is filled out such as "Transfer-In," "Dorm-to-Seg.," "Out-to-Court," etc. Under "Disposition" there are five options indicating that the property is either stored, deemed to be contraband, mailed, in inmate's possession or to be donated. There is space to list the items inventoried as well as the items' quantity, color, condition and disposition. Below the space used to list items, there is a statement that reads: "I certify that all personal property in the possession of the above inmate have been listed on this inventory, with the description and disposition correctly stated." Below that statement there is a space for the Officer's Signature who completed the DC-160. The next signature block is for the inmate, which is just below a statement that reads: "I acknowledge the accuracy and completeness of this inventory." Finally, the third signature block is intended for the inmate and it is underneath a statement that reads: "I certify that I have received the above listed articles of personal property in the condition specified."
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove the negligence of a named officer, agent or employee of the N.C.D.O.C. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woodard v. DOT,93 N.C. App. 214, 377 S.E.2d 792 (1989).
2. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff *Page 4 
was owed a certain duty and that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury. Bolkir v.NCSU, 321 N.C. 706, 365 S.E.2d 898 (1988).
3. Given that the May 2, 2006 DC-160 offered by the Plaintiff at the hearing did not correlate to Plaintiff's testimony that it was the inventory made upon his move to the segregation, the Full Commission gives no weight to this document as it is not from the proper time period, namely June of 2005.
4. Assuming, arguendo, that Defendant did owe Plaintiff a duty to return personal property upon being released from administrative segregation, Plaintiff failed to prove a breach of that duty as he was unable to present any DC-160 dated approximately a year prior to his move into segregation. As such, there is no competent evidence to show that Plaintiff possessed any property that was taken by Defendant's staff upon his administrative segregation. Nor can Plaintiff prove that Defendant's staff had possession of Plaintiff's property.
5. As Plaintiff has failed to provide a DC-160 from the proper time frame, or present witnesses, Plaintiff failed to prove by the greater weight of the evidence that any employee of Defendant was negligent resulting in Plaintiff being damaged by a loss of personal property.
 * * * * * * * * * * *
Based upon the foregoing Findings of Facts and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff's claim must, under the law, be and hereby is DENIED, and DISMISSED WITH PREJUDICE.
2. Each party shall bear its own costs. Plaintiff, having been grantedin forma pauperis status, shall not be required to pay any costs.
This the __ day of April, 2009. *Page 5 S/__________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER *Page 1