***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Donovan, with minor modifications and enters the following Decision and Order.
 ***********
The following documents were received into evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Acuity Levels for plaintiff *Page 2 
2. Defendant's Exhibit #2: Records of external movements of plaintiff
3. Defendant's Exhibit #3: Records of medical missions and access
 *********** ISSUES
(TA-19056) On 4 March 2005, plaintiff filed an Affidavit alleging that on 9 January 2005, he suffered injury due to the negligence of defendant's population management administrator, Ms. Joni Penny, in that she failed to transfer plaintiff from a facility that was unable to accommodate his required medical treatment to a facility that was able to do so.
(TA-19161) On 20 June 2005, plaintiff filed an Affidavit alleging that on 23 December 2004, he suffered injury due to the negligence of defendant's population management administrator, Ms. Joni Penny, in that she failed to transfer plaintiff from a facility that was unable to accommodate his required medical treatment to a facility that was able to do so.
By Order of the Industrial Commission dated 11 January 2008, these matters were consolidated for hearing.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT TA-19161
1. On 19 December 2004, plaintiff was housed at Haywood Correctional Institution. Plaintiff suffers from a number of medical problems, including chronic renal failure, nephritic syndrome, uncontrolled hypertension and ploycythemia vera. On this date, plaintiff became ill and was transported to a local hospital for treatment. *Page 3 
2. When plaintiff's treatment was completed, he was returned to Haywood Correctional Institution. Plaintiff filed a grievance alleging that Haywood was unable to accommodate his medical conditions and that he required transfer to a facility that could offer suitable treatment.
3. By Order of Ms. Joni Penny of Population Management, plaintiff was transferred to Carteret Correctional Institution, a facility that was unable to meet his medical requirements.
4. Plaintiff contends that the failure of defendant's agents and/or employees, specifically Ms. Penny, to send him to a facility that had medical treatment capabilities sufficient to address his various conditions, constitutes negligence.
TA-19056
5. On 9 January 2005, while still housed at Carteret Correctional Institution, plaintiff suffered an episode of renal failure. He was transferred to Carteret Hospital where he received treatment that brought his condition under control.
6. Plaintiff contends again that the failure of defendant to house him in a facility that can meet his medical needs constitutes negligence on the part of defendant.
7. The evidence shows that plaintiff does suffer from various and serious conditions as enumerated above. The evidence also shows that plaintiff was transferred to facilities that were unable to accommodate his conditions. Plaintiff testified that there are only two facilities in the state that can provide adequate treatment for his conditions, one of which is Central Prison in Wake County, where he is currently housed.
8. It appears from the record that plaintiff was placed in facilities where there was room for him, while waiting for a position in Central Prison to become available. The record further shows that in each instance where plaintiff required treatment that was unavailable at the *Page 4 
facility where he was housed, he was taken to a local hospital where he could receive the proper treatment. Lastly, the record shows that plaintiff is now housed in a facility that can provide the necessary treatment for his conditions.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. The greater weight of the evidence in this case shows that although he was not immediately housed in a facility that could provide treatment within the institution, plaintiff was consistently housed in a facility that had access to a hospital that could provide for his medical needs. Evidence was presented that plaintiff was housed in facilities that had room, while waiting for a space to open at one of the only two facilities that could offer him adequate treatment. Further, all the evidence shows that when plaintiff's conditions deteriorated to a level requiring treatment unavailable at the housing facility, he was brought to a hospital for the necessary treatment. For these reasons, plaintiff has failed to show that the named employee of *Page 5 
defendant was negligent in failing to provide plaintiff housing with adequate medical care prior to space becoming available. Ayscue,270 N.C. 100, 153 S.E.2d 823 (1967).
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff shall have and recover nothing from NCDOC, and his claim against the NCDOC is dismissed with prejudice.
2. Each party shall pay their own costs. Plaintiff, having been granted in forma pauperis status, shall not be required to pay any costs.
This the __ day of April 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1