GILDA WOOLARD, Administratrix of the Estate of DOUGLAS ALLEN WOOLARD, Deceased, Plaintiff v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Defendant

No. 8810IC694

(Filed 21 March 1989)

**1. State § 4 — Tort Claims Act — distinction between governmental and proprietary functions of State not recognized**

There was no merit to defendant's contention that a State employee was engaged in a discretionary governmental function and this action was barred because the State Tort Claims Act does not create liability for acts involving discretionary functions, since the North Carolina Supreme Court has held that with respect to tort actions, it recognizes no distinction between "governmental" or "proprietary" functions of the State.

**2. State § 8.2 — design of ferry landing — motorist killed — no showing of proximate cause between State employee's design and motorist's death**

In an action to recover damages for the death of plaintiff's son resulting from the alleged negligence of the Department of Transportation in the design of a ferry landing, evidence did not support the findings of the Industrial Commission which in turn did not support its conclusion that actions by the State employee who allegedly designed the landing were a proximate cause of plaintiff's son's injuries, since the landing was already in existence before the named employee was asked to modify it to allow for loading of vehicles in differing order from their arrival to accommodate size restrictions on the ferry; there was no evidence that the named employee was the one who designed the original landing and no evidence that he designed the waiting area or created the problem of motorists driving in the wrong lane to the parking lot; the named employee merely recommended painting numbered spaces in one lane of the road; and there was no evidence that the recommendation was the proximate cause of the claimed injury.

APPEAL by defendant from Decision and Order of the Industrial Commission filed 2 March 1988. Heard in the Court of Appeals 25 January 1989.

WOOLARD v. N.C. DEPT. OF TRANSPORTATION

[93 N.C. App. 214 (1989)]

Plaintiff filed this claim before the Industrial Commission seeking damages for the death of her son, Douglas Woolard (Woolard), resulting from the alleged negligence of the Department of Transportation in the design of the ferry landing facility on the north side of the Pamlico River on N.C. 306. By amended affidavit, plaintiff named Department of Transportation employee G. A. Eason as the state employee upon whose negligence the claim is based. The Deputy Commissioner found that Eason's negligence proximately caused Woolard's death and awarded $100,000 in damages under G.S. 143-291, the State Tort Claims Act. On appeal, the Full Commission affirmed and adopted the Deputy Commissioner's order. Defendant appeals.

*Gaskins & Gaskins, P.A., by Herman E. Gaskins, Jr., and Darrell B. Cayton, Jr., for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Monroe, Wyne, Atkins & Lennon, P.A., by George W. Lennon, for defendant-appellant.*

LEWIS, Judge.

Defendant brings forward five assignments of error grouped into three arguments. First, it contends the action is barred by the doctrine of sovereign immunity. Second, the Department of Transportation contends the Industrial Commission erred in concluding defendant's employee, Eason, was negligent or that Eason's negligence was a proximate cause of Woolard's injury. Finally, defendant contends the Industrial Commission erred in finding that the negligence of a third party, David Jefferson, did not bar recovery against defendant.

The facts stipulated to by the parties and found by the Industrial Commission are as follows. At all pertinent times, N.C. 306, a two-lane paved road, twenty-two feet wide, led from the Pamlico River ferry dock on the north side of the river. The Department of Transportation maintained a parking lot to the southeast of N.C. 306 adjacent to the ferry dock. The parking lot had two entrances from N.C. 306 and was used by people who boarded the ferry as pedestrians. N.C. 306 was marked with double yellow lines in the center of the road.

Vehicles waiting for the ferry lined up in the southbound lane as there was no separate waiting lane. George Eason, an area traffic engineer employed by the Department of Transportation,

was asked to modify the ferry landing so that ferry attendants could load vehicles onto the ferry in differing order from their arrival to accommodate size restrictions on the ferry. Eason visited the ferry dock. After conducting an engineering study, he recommended painting numbered parking spaces in the southbound lane and erecting signs stating that vehicles might not be loaded in the order of arrival. Eason's recommendations were implemented in October 1983 by painting 20 numbered spaces in the southbound lane.

On the morning of 15 June 1984, a number of vehicles were waiting in the parking spaces in the southbound lane to board the ferry. David Earl Jefferson drove his vehicle in a southerly direction in the northbound lane to pass the parked cars and reach the parking lot. At approximately 6:45 a.m., Woolard drove his motorcycle off the ferry and proceeded in a northerly direction on N.C. 306. Woolard collided with the vehicle being driven by Jefferson in the northbound lane.

The Commission found as fact that Woolard's collision "was the proximate result of the negligence of George A. Eason . . . when he negligently designed the waiting spaces at the ferry facility." The Commission further found as fact that Jefferson's negligence in driving to the parking lot in the wrong lane "was not only foreseeable but was a risk that the design of the waiting area created" and that Woolard was not contributorily negligent. Based on these findings, the Commission awarded plaintiff $100,000 in damages.

[1] First, we address defendant's contention that this action is barred by the doctrine of sovereign immunity. It is well established "that the State is immune from suit unless it expressly consents to be sued." *Zimmer v. N.C. Dept. of Transportation*, 87 N.C. App. 132, 134, 360 S.E. 2d 115, 117 (1987). The Tort Claims Act, G.S. 143-291, partially waives this sovereign immunity in cases in which the negligence of a State employee acting within the scope of his employment proximately causes injury. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618 (1983); *Zimmer, supra*. Defendant contends Eason was engaged in a discretionary governmental function and this action is barred because the State Tort Claims Act does not create liability for acts involving discretionary functions. However, our Supreme Court has held that with respect to tort actions, "we continue to recognize no distinction between

'governmental' or 'proprietary' functions of the State as sovereign." *Guthrie*, 307 N.C. at 535, 299 S.E. 2d at 625. Plaintiff is entitled to pursue her claim under the Tort Claims Act.

At the time this action was filed, G.S. 143-291 provided in part:

> The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was such negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, which was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages which the claimant is entitled to be paid, . . . but in no event shall the amount of damages awarded exceed the sum of one hundred thousand dollars ($100,000) cumulatively to all claimants on account of injury and damage to any one person.

Under this statute, "negligence is determined by the same rules as those applicable to private parties." *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 709, 365 S.E. 2d 898, 900 (1988). Plaintiff must show that "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." *Id.* at 709, 365 S.E. 2d at 900.

Defendant contends the Industrial Commission erred in finding as a fact that Eason was negligent or that his negligence was a proximate cause of Woolard's injury. In support of this contention, defendant challenges several of the Industrial Commission's findings of fact; defendant contends these findings are not supported by the evidence or are erroneous conclusions of law.

If there is any competent evidence to support the Industrial Commission's findings, they are conclusive on appeal. *Mackey v. Highway Comm.*, 4 N.C. App. 630, 167 S.E. 2d 524 (1969). However, the Industrial Commission's designation of a statement as a finding of fact is not conclusive. *Barney v. Highway Comm.*, 282 N.C. 278, 192 S.E. 2d 273 (1972). Negligence is a mixed question of law and fact, and we must determine whether the facts found by the Industrial Commission support its conclusion of negligence. *Id.*

[2] We hold that the findings of fact by the Industrial Commission do not reflect the evidence and that the evidence does not support the Industrial Commission's conclusion that Eason's actions were a proximate cause of Woolard's injuries. Evidence was presented to the Industrial Commission that even before Eason's recommended spaces were painted on the road, vehicles waiting to board the ferry had lined up in the southbound lane and vehicles wanting to reach the parking lot had passed the stopped vehicles by driving south in the northbound lane. The Industrial Commission is not required to make findings as to every detail of the credible evidence. *Bundy v. Board of Education*, 5 N.C. App. 397, 168 S.E. 2d 682 (1969). However, "the Industrial Commission must make findings of fact and conclusions of law to determine the issues raised by the evidence in a case before it." *Martinez v. Western Carolina University*, 49 N.C. App. 234, 239, 271 S.E. 2d 91, 94 (1980). A finding of the practice before the spaces were painted is important because there was no evidence before the Industrial Commission that Eason designed the waiting area or created the problem of motorists driving in the wrong lane to the parking lot. Thus, plaintiff has not shown that Eason's recommendations were a proximate cause of Woolard's injury.

> Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, *and without which the injuries would not have occurred*, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 233, 311 S.E. 2d 559, 565 (1984) (emphasis added). Plaintiff has not shown that Woolard's injuries would not have occurred if the spaces recommended by Eason had not been painted.

As the State's sovereign immunity was waived by statute, the statute must be strictly construed. *Etheridge v. Graham, Comr. of Agriculture*, 14 N.C. App. 551, 188 S.E. 2d 551 (1972). An individual making a claim under G.S. 143-291 must identify by affidavit the employee upon whose negligence the claim is based. G.S. 143-297. Plaintiff named Eason as that employee. If the design of the ferry landing is indeed negligent, there is no evidence that Eason was the employee who designed it. Eason merely recommended painting numbered spaces in the southbound lane. Plaintiff has not shown that Eason's recommendations were a proximate cause of Woolard's injury, and her claim fails.

In light of our holding that plaintiff has not proved Eason's negligence was a proximate cause of Woolard's injury, it is not necessary for us to address defendant's contention regarding Jefferson's negligence.

Reversed.

Judges EAGLES and PARKER concur.