The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff went to the bus stop at Wesleyan Circle Trailer Park in Rocky Mount on June 19, 1993. Plaintiff went to the bus stop for purposes of confronting Joanne Bullock, about a matter which subsequent development showed did not concern Plaintiff's son but was reported to Plaintiff by her son as concerning him. Plaintiff was angry at the time, and upon the first attempt by Joanne Bullock to disengage from the confrontation by shutting the doors of the bus, Plaintiff grabbed the bus doors and forcibly jerked them open, thus, continuing the confrontation.
2. Plaintiff had an earlier confrontation with a school bus driver, Gwendolyn Williams, at which time she was instructed by Carolyn Pender, the principal of the school, not to bother bus drivers at a bus stop again but to deal directly with her, Ms. Pender, the principal.
3. At the time of this incident, Plaintiff had again taken a matter, which should have been properly discussed with the principal, Ms. Pender, in her own hands and then turned it into a confrontation at the bus stop with the bus driver in front of children.
4. It was negligent for Plaintiff once the bus door was shut the first time, to reopen it with force and continue the confrontation. Had it not been for this action by Plaintiff, further developments would not have occurred at the bus stop, and this action would not have been brought.
5. Plaintiff admitted that she had a confrontational personality during her testimony and stated she had "changed" and now goes to church.
6. Just a few minutes after this incident occurred in June of 1993, Ms. Pender had both Plaintiff and Ms. Bullock in her office to discuss the matter, and she took notes of what was discussed between the parties.
7. The Plaintiff was not knocked down, did not fall down, nor get hurt as a result of the incident at the bus stop. Ms. Bullock's action did not knock the Plaintiff down, nor did she observe the Plaintiff falling. Ms. Bullock confirmed that the type of door involved on the school bus would not have allowed her to proceed if the Plaintiff had been stuck or jamming the doors.
8. Further, the child, Maurice Advent, who was on the bus at the time of the incident, testified in his deposition that the Plaintiff did not get stuck in the doors, nor was hit by the doors, nor fell down.
9. Testimony of various children that the Plaintiff was trapped in the bus doors and that she fell is inconsistent with even the Plaintiff's own testimony of how the incident happened. The children, Thoriland Dickens and Andrick Pittman, are the children of the Plaintiff, and their credibility is judged as such.
10. Thoriland Dickens was rehearsed to tender testimony in favor of his mother, the Plaintiff. In the presence of the Principal, Ms. Pender, and her secretary, Rebecca Taylor, Thoriland Dickens informed them that his mother had told him what to say concerning the incident.
11. It is not disputed by any of the parties in this matter that the Plaintiff physically jerked open the school bus doors the first time that Ms. Bullock shut them. Jerking open those doors would have entailed more than minimal physical exertion. In view of the credible evidence that Plaintiff was not hit by the doors nor fell, then this remains the only uncontroverted evidence as to any physical strain upon the Plaintiff. It being her own independent actions, this would constitute contributory negligence upon her part.
12. Ms. Bullock, the school bus driver, was not negligent in this incident.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. There was no negligence by Ms. Bullock, the named employee of Defendant that proximately caused injury to Plaintiff. N.C. Gen. Stat. § 143-291, 143-297: Woolard v. Department of Transportation,93 N.C. App. 214, 377 S.E.2d 267, cert. Denied. 325 N.C. 230,381 S.E.2d 782 (1989).
2. Plaintiff was at a place where she did not belong, provoked the incident, and therefore, was contributorily negligent in this case.
3. Plaintiff's claim is barred by her own contributory negligence. N.C. Gen. Stat. § 143-291, 143-299. 1.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim under the Tort Claims Act is hereby, and the same shall be, DENIED.
2. Each side shall pay its own costs.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
DCS:bjp