***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
The following documents were admitted into evidence by the Deputy Commissioner as:
 EXHIBITS
1. Stip. #1: Various Personal Property Inventory forms (DC 160) and North Carolina Department of Correction ("NCDOC") grievance forms.
2. Stip. #2: Memorandum from T. S. Johnson, Clinical Chaplin II, to Mr. Rich Jordan.
3. Plaintiff's Exhibit #1: Letter from plaintiff to an NCDOC official.
4. Plaintiff's Exhibit #2: NCDOC Inmate Request for Assistance form dated June15, 2000.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In February 2000, plaintiff was incarcerated at the Pasquotank Correctional Facility ("PCF").
2. Plaintiff was being transferred within units of PCF, and objected to being assigned to a new unit. NCDOC officers transferred plaintiff to Unit One.
3. The moving process involved NCDOC officers inventorying and moving plaintiff's personal belongings. An NCDOC Officer prepared a form DC 160 on February 18, 2000, listing plaintiff's personal items, including an "assortment of books." Plaintiff refused to sign the DC 160 because he was not permitted to inspect the books, which were being held in storage while his objection to the transfer was resolved.
4. Plaintiff was moved from Unit One to Unit Four of PCF on February 21, 2000. Plaintiff contends that fourteen books were not returned to him after the move. Most of these books related to plaintiff's religion, Wicca, a form of witchcraft; however, one book related to North Carolina Criminal Law and Procedure.
5. An NCDOC officer prepared a form DC 160 when plaintiff was moved from Unit One to Unit Four. The form DC 160 executed on February 21, 2000, does not list any books other than: "1 Burgundy `Holy Bible' (fair)."
6. Plaintiff filed an administrative grievance on February 21, 2000, as provided by NCDOC procedure. His grievance was subsequently denied on the grounds that plaintiff could not prove ownership of the alleged lost books.
7. Plaintiff wrote a letter to a NCDOC official on or about June 13, 2000, again detailing the alleged loss of the books.
8. A form DC 160 was introduced into evidence, showing that as of January 15, 1999, plaintiff owned twelve books matching the description of the books he alleged were lost. A publisher's receipt was introduced into evidence indicating that plaintiff purchased a book relating to North Carolina Criminal Law and Procedure.
9. Plaintiff testified that the fair market value of all the books lost by the NCDOC was between $350.00 and $400.00.
10. NCDOC Officer Lowell Woods testified for the NCDOC. He prepared the NCDOC form DC 160 on January 15, 1999, specifically detailing a number of plaintiff's books.
11. Officer Woods testified that while he specifically lists individual books, he has observed other NCDOC officers complete the NCDOC form DC 160 with descriptions such as "assortment." Having reviewed the records in plaintiff's case, Officer Woods testified that NCDOC procedure was generally followed.
12. Under cross examination, Officer Woods admitted that descriptions of items are to be as specific as possible and items should be individually listed.
13. The form DC 160 introduced into evidence contains instructions for NCDOC officers. In general, the instructions encourage the NCDOC official completing the form to be as specific as possible. The NCDOC also publishes the following warning to NCDOC Officers:
 Many successful false claims have been made by prisoners being released from jail because they realize that the description of their personal property, made by an admissions officer, was incomplete and vague. When prisoners have been asked to sign a detailed, thorough property list, there is little chance they will attempt to claim that their property has been stolen and replaced with cheaper merchandise.
14. The Deputy Commissioner found that NCDOC successfully impeached plaintiff's testimony based upon a prior record of criminal convictions.
15. Plaintiff has proven by the greater weight of the evidence that NCDOC officers properly took possession of fourteen books and failed to return those books to plaintiff in February 2000. Plaintiff's testimony is supported by documentation that NCDOC officers lost plaintiff's books and, as a result of the actions of NCDOC officers, plaintiff has been permanently deprived of the fourteen books.
16. The fair market value of the books at the time of loss was $350.00.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 permits civil actions against the State of North Carolina for negligence of a named officer, agent or employee of the State. Ayscue v. Highway Commission, 270 N.C. 100,153 S.E.2d 823 (1967); and Woolard v. DOT, 93 N.C. App. 214,377 S.E.2d 267, cert. denied, 325 N.C. 230, 381 S.E.2d 792 (1989).
2. NCDOC officers taking possession of plaintiff's personal property for storage constitutes a bailment. Taylor v. North Carolina Dept. ofCorrection (IC File No.: TA-13469, August 22, 1995). NCDOC officers took exclusive possession of plaintiff's personal property. NCDOC officers owed plaintiff a reasonable duty of care under these circumstances.Pennington v. Styron, 170 N.C. 80, 153 S.E.2d 776 (1967).
3. One or more NCDOC officers breached the applicable duty of care by failing to return fourteen of plaintiff's personal books to him in February 2000. Plaintiff was not contributorily negligent because he did not have access to the fourteen books while in NCDOC storage. N.C. Gen. Stat. § 143-299, et. seq.
4. The fair market value of plaintiff's personal property on the date of its possession by NCDOC officers was $350.00. See Wilsonv. Posey, 219 N.C. 261, 13 S.E.2d 416 (1941)
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay to plaintiff damages in the amount of $350.00.
2. No costs are taxed as plaintiff was permitted to bring this action in pauperis.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER