***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission adopts in part and modifies in part the Decision and Award of the Chief Deputy Commissioner.
 ***********
The following documents were introduced into evidence by stipulation of the parties or by competent evidence at trial:
 EXHIBITS
1. Plaintiff's Exhibit #1: Photo copy sheet showing a USPS Express Mail Customer Receipt of mailing a package to Piedmont Correctional Facility on March 23, 2005 in the amount *Page 2 
of $13.65 and a USPS money order Customer's Receipt in the amount of $256.00 paid to Joan Yemiola, transcriptionist of Roxboro, North Carolina, dated April 5, 2005.
2. Plaintiff's Exhibit #2: Copy of Piedmont Correctional Institution "Inmate Request/Information Form" dated June 22, 2005.
3. Plaintiff's Exhibit #3: Copy of USPS Internet Package Track/Confirm sheet for package delivered to Piedmont Corrections on March 24, 2005.
4. Plaintiff's Exhibit #4: Copy of Piedmont Correctional Institution "Inmate Request/Information Form" dated June 19, 2005.
5. Plaintiff's Exhibit #5: Copy of DC-410A NCDOC Division of Prisons Administrative Remedy Procedure dated June 14, 2005.
6. Plaintiff's Exhibit #6: A Copy of DC-410B NCDOC Inmate Grievance Resolution Board's Administrative Remedy Procedure form dated October 18, 2005.
7. Plaintiff's Exhibit #7: A copy of DC-410 NCDOC Division of Prisons Administrative Remedy Procedure form dated July 20, 2005.
8. Plaintiff's Exhibit #8: A copy of plaintiff's "Statement of Claim" form.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 23, 2005, Mrs. Ora Johnson (hereinafter "Mrs. Johnson"), the mother of the plaintiff, Darol Johnson, placed a transcript of a court proceeding weighing 34 oz. in an Express Mail package addressed to Piedmont Correctional Facility, 1245 Camp Road, Salisbury, *Page 3 
NC 28147-9223; To: Darol Johnson. Mrs. Johnson paid $13.65 at the Statesville, North Carolina Post Office for the cost of mailing.
2. On March 24 2005, the Express Mail package arrived for plaintiff at the United States Postal Service (hereinafter "USPS") in Salisbury designated for delivery to the Piedmont Correctional Facility. Sergeant Lagene McJunkin, a NCDOC employee, received the package on behalf of Piedmont Correctional Facility and plaintiff with all other packages designated as Express Mail.
3. It is the standard procedure for the Piedmont Correctional Facility mail room to separate mail received for inmates originating from the Industrial Commission, a Court of Law, or an attorney as such correspondence is considered confidential and is not searched for contraband or illegal content. Mail received from private citizens, including mail sent as an Express Mail package not requiring the inmate's signature for delivery, are considered as general mail which must be separated and searched prior to delivery to an inmate.
4. The Express Mail package at issue was not delivered to plaintiff after it was to have been searched for contraband or illegal content.
5. The Express Mail package was not returned to Mrs. Johnson from Piedmont Correctional Facility.
6. At the hearing before the Chief Deputy Commissioner, plaintiff presented a copy of an April 5, 2005 Postal Money Order in the amount of $256.00 allegedly paid by Mrs. Johnson to the Clerk of Court and postdated by more than one week after the date the Express Mail package was sent to plaintiff.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following: *Page 4 
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 permits civil actions against the State of North Carolina for negligence of a named officer, agent or employee of the State. Ayscue v. Highway Commission, 270 N.C. 100, 153 S.E.2d 823
(1967); Woolard v. DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert.denied, 325 N.C. 230, 381 S.E.2d 792 (1989).
2. NCDOC Officers, specifically Sgt. Lagene McJunkin, taking possession of plaintiff's personal property for mail delivery creates a duty to use reasonable efforts to preserve and deliver the items. NCDOC Officers took exclusive possession of plaintiff's personal property. NCDOC Officers owed plaintiff a reasonable duty of care under these circumstances to protect and deliver the package. Pennington v.Styron, 170 N.C. 80, 153 S.E.2d 776 (1967).
3. One or more NCDOC Officers breached the applicable duty of care by failing to deliver plaintiff's personal property to him in March 2005. Plaintiff was not contributorily negligent because he did not have access to the personal property while in NCDOC's internal mail delivery system. N.C. Gen. Stat. § 143-299, et seq.
4. The burden of proving damages is on the party seeking those damages. Olivetti Corporation v. Ames Business Systems, 319 N.C. 534,356 S.E.2d 578 (1987). The party seeking damages must show that the amount of damages is based on a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty.Midgett v. Highway Commission, 265 N.C. 373, 144 S.E.2d 121 (1965). In the case at hand, plaintiff failed to carry his burden of proving the value of the transcript and thus, the amount of damages to which he is entitled. The purported money order was issued over one week after the transcript was mailed to plaintiff and is not a reliable indication of the value of the transcript in question. Further, there is *Page 5 
no evidence from the Clerk of Court as to the cost Mrs. Johnson paid to receive a copy of the transcript.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for damages must be and is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 5th day of May, 2008.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ BUCK LATTIMORE COMMISSIONER
 S/_____________ DANNY LEE McDONALD COMMISSIONER *Page 1