***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Medical records
 ***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 *********** *Page 2 
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleges that on 16 April 2002, he suffered food poisoning as a result of the negligent preparation of his dinner which resulted in serious illness.
2. Defendant moved to dismiss plaintiff's claim on grounds that (1) plaintiff has failed to allege specific acts of negligence; (2) plaintiff has failed to state a claim upon which relief can be granted; (3) plaintiff has failed to allege negligence on the part of a specific State employee; and (4) the acts complained of were intentional and so do not fulfill the requirements of negligence by a State employee.
3. Defendant's Motion to Dismiss was denied by Order of Deputy Commissioner Donovan dated 27 April 2006.
4. On 16 April 2002, plaintiff presented for dinner at Eastern Correctional Institution in Greene County. Plaintiff had been on a special diet for approximately twelve to thirteen years and was not to have onions or tomatoes in his food. Accordingly, he was assigned to the special diet line. Plaintiff was served and ate taco meat, which contained pepper and other spices.
5. Subsequent to eating his dinner, plaintiff began to suffer from diarrhea and vomiting. He received medical attention and was placed on a liquid diet for a twenty-four hour period.
6. Following an additional examination on 23 April 2002, plaintiff's bland diet restrictions were renewed for six months. *Page 3 
7. Plaintiff was not the only person served in the special diet line on 16 April 2002. There is no medical evidence on file at Eastern Correctional Institution that any other person receiving the "special diet" dinner along with plaintiff suffered any ill effects from the food.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. Plaintiff has failed to show by the greater weight of the evidence that the symptoms he suffered on 16 April 2002 were the result of the negligent preparation of his food. No other inmate suffered from eating the same food, and plaintiff testified to a history of digestive difficulties that could have been the cause of his symptoms. N.C. Gen. Stat. § 143-291 et seq.
3. Further, as plaintiff has received all medical attention to which he is entitled, he has failed to show damages as a result of his injury.Id.
 ***********
Based upon the forgoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 4 
 ORDER
1. Plaintiff shall have and recover nothing from NCDOC for the injuries he sustained on 16 April 2002, and his claim against the NCDOC are dismissed.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of May, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1