***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #2: Trust Fund Account Statement
2. Plaintiff's Exhibit #3: Trust Fund Account Statement
3. Defendant's Exhibit #1: Trust Fund Account Statement
4. Defendant's Exhibit #3: Administrative Remedy Procedure Response
 ***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. *Page 2 
Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleges that money was removed from his trust account erroneously, creating a deficit in his account in the amount of $27.20.
2. Defendant moved to dismiss plaintiff's claim on grounds that (1) plaintiff's claim was frivolous; (2) plaintiff failed to allege negligence on the part of a specific employee of defendant; (3) plaintiff failed to allege damages; (4) plaintiff alleged intentional acts; and (5) plaintiff failed to exhaust his administrative remedies.
3. Defendant's Motion to Dismiss was denied by Order of Deputy Commissioner Robert J. Harris dated 4 May 2006.
4. On 3 February 2005, defendant received a money order in the amount of $100.00, in the name of Tim Autry from the estate of Ruby Autry, to be deposited in his Trust Account.
5. At the time, there were two Timothy Autrys housed at the same facility. Defendant had one listed as Tim and the other listed as Timothy. As the money order was for Tim Autry and contained no OPUS number, it was deposited into plaintiff's Trust Account.
6. By 11 February 2005 it was discovered that the money should have been deposited in the Trust Account of the other Timothy Autry, housed in the same facility whose mother had recently passed away. *Page 3 
7. Subsequently, the money was removed from plaintiff's Trust Account, and it created a deficit of $27.20 as plaintiff had already taken money from his account. Defendant cannot leave a negative in the Trust Account; therefore, defendant essentially gave plaintiff $27.20 and placed a hold on his account. When sufficient additional funds were subsequently placed in plaintiff's account, the $27.20 was recovered by defendant.
8. The evidence indicates that plaintiff made no allegation that his mother was deceased or that the money was really intended for him. Further, other than the $100.00 money order deposited erroneously to plaintiff's Trust Account, he had received no other deposits from Ruby Autry or the estate of Ruby Autry.
9. The Full Commission finds that the greater weight of the evidence fails to show negligence on the part of defendant or damages suffered by plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. Plaintiff has failed to show by the greater weight of the evidence that defendant was incorrect in removing the money intended for someone else from his account, or in *Page 4 
recouping the money plaintiff had already spent that was not his. N.C. Gen. Stat. § 143-291 et seq.
3. Further, as plaintiff was never entitled to the money erroneously placed in his account, he has suffered no damages as a result of its removal from his account. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover nothing from NCDOC, and his claim against the NCDOC is dismissed.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of May, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS *Page 5 
COMMISSIONER *Page 1