***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Donovan, with minor modifications and enters the following Decision and Order.
 ***********
The following documents were received into evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Sick call requests *Page 2 
2. Plaintiff's Exhibit #1: Sick call requests, refusals and medical records
 *********** ISSUES
Whether plaintiff suffered an injury as the result of the negligence of defendant-employee, L.P.N. Sharon Snider due to Nurse Snider's failure to answer plaintiff's sick calls wherein he sought treatment for abdominal pains between the dates of 5 February 2005 and 6 May 2005.
 ***********
Based upon the competent evidence of record the Full commission makes the following:
 FINDINGS OF FACT
1. At the hearing before the Deputy Commissioner, plaintiff alleged that his requests for medical attention filed between 5 February 2005 and 6 May 2005, were negligently ignored by defendant's personnel and that as a result, plaintiff suffered injury.
2. The record contains several requests for treatment during the period of time in question, primarily alleging abdominal pains resulting from a surgically repaired hernia that occurred in 2004.
3. The records further show that plaintiff's requests were addressed; however, they were primarily addressed by a nurse, rather than the hospital physician. The records also show that plaintiff often refused treatment offered by the nurse and/or failed to follow treatment recommendations.
4. It appears from the record and the testimony offered at hearing that plaintiff's primary arguments are that he did not get to see a doctor in response to his requests, and that the treatment that he has received has been unsuccessful. Further, plaintiff admitted during *Page 3 
testimony to ingesting a number of substances in attempts to commit suicide that may have impacted the treatment of his abdominal difficulties.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. The greater weight of the evidence in this case shows that plaintiff's requests for medical attention were addressed, although not to plaintiff's satisfaction. Therefore, plaintiff has failed to show actionable negligence on the part of defendant's agents or employees. N.C. Gen. Stat. § 143-291. Ayscue, 270 N.C. 100, 153 S.E.2d 823 (1967);Woolard, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff shall have and recover nothing from NCDOC, and his claim against the NCDOC is dismissed with prejudice. *Page 4 
2. Each party shall pay its own costs. Plaintiff, having been grantedin forma pauperis status, shall not be required to pay any costs.
This the __ day of April, 2009.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER *Page 1