* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner J. Brad Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner J. Brad Donovan, with minor modifications and enters the following Decision and Order.
 * * * * * * * * * * *
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #1: DC-160 dated 7/21/05 *Page 2 
2. Plaintiff's Exhibit #3: Administrative Remedy Procedure form, dated 12/3/05
3. Plaintiff's Exhibit #4: DC-160 dated 2/12/06
4. Defendant's Exhibit #1: DC-160s dated 1/16/05, 2/23/05 and 3/15/05
 * * * * * * * * * * * ISSUES
Plaintiff alleges that during the transfer of his property on 21 July 2005, several items were negligently lost or disposed of by employees or agents of defendant.
 * * * * * * * * * * *
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. On 21 July 2005, plaintiff's property was removed from his cell and placed into bags by Correctional Officers V. Mouzon and C. Coris. The bags were then placed in storage. A DC-160 Form lists the property that was removed.
2. Defendant's agents, Officers Mouzon and Coris both signed a DC-160 Form indicating the items removed from the cell.
3. At the hearing, plaintiff alleged the loss of the following items as a result of their removal from his cell: (1) pack of playing cards; (2) assorted magazines and books; (3) hygiene products; (4), radio and head phones; (5) assorted photos of women; (6) one pair of Converse shoes; (7) family photos; (8) one Casio watch; and (9) one gold wedding band.
4. Subsequent to the removal of plaintiff's belongings, defendant conducted an investigation regarding the missing property. As of this time, defendant has not been able to recover any of the items. *Page 3 
5. Many of the missing items cannot be assessed with a monetary value. Plaintiff testified that he received the missing books and magazines in accordance to policy regarding exchanging such items; however, policy also prohibits placing value in trade or money for such items. The gold wedding ring and watch are valued at $150.00. The remaining items, including stamps, are valued at $50.00. Accordingly, the Full Commission's accounting of the value of the missing items equals $200.00.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. Defendant's personnel were under a duty to exercise reasonable care to safeguard plaintiff's personal property while placed in storage under defendant's control to ensure that it was not lost.
3. Defendant's personnel breached their duty to of reasonable care by losing plaintiff's personal property. *Page 4 
4. As an actual and proximate result of Defendant's personnel's breach of their duty of reasonable care, plaintiff suffered damages in the amount of $200.00 which the Full Commission has determined to be the value of his lost property.
5. Having shown that he was damaged by the negligence of Defendant's personnel, plaintiff is entitled to compensation under the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 * * * * * * * * * * *
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff shall have and recover the amount of $200.00 from NCDOC in reimbursement for the value of property lost due to the negligence of defendant's agents or employees. NCDOC shall pay plaintiff this sum as money damages.
2. No costs are taxed as plaintiff was permitted to file this actionin forma pauperis.
This the ___ day of April, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER *Page 1