* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner J. Brad Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner J. Brad Donovan, with minor modifications and enters the following Decision and Order.
 * * * * * * * * * * *
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #1: DC-160 list of items *Page 2 
2. Plaintiff's Exhibit #2: Administrative Remedy Procedure form response
 * * * * * * * * * * * ISSUES
Plaintiff alleges that on 17 February 2008, several items were removed from his cell. Those items were subsequently negligently lost or disposed of by employees or agents of defendant. Defendant admitted to the lost of the items and paid plaintiff a total of $18.33 for the loss.
 * * * * * * * * * * *
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. On 17 February 2008, plaintiff was removed from his cell and his belongings were taken from the cell.
2. Defendant's agent, Officer L. Moore signed a DC-160 form indicating the items removed from the cell.
3. In his affidavit, plaintiff provides a list of items taken which corresponds to the DC-160.
4. Included in the items missing were two hardcover Qur'ans, valued by plaintiff at $50.00 and $15.00, three hardcover books valued at $12.00, $10.00 and $10.00, and two razors, valued at $0.82 total.
5. Subsequent to the removal of plaintiff's belongings, defendant admitted that they could not recover the items taken from his cell. Based upon the DC-160 listing of missing items, defendant paid plaintiff a total of $18.33 for the loss of books and razors. The accounting *Page 3 
statement indicates that defendant valued the Qur'ans at $12.95 each, the books at $1.99, $3.99 and $1.09 respectively, and the razors at $0.09 each.
6. It appears from the record that defendant has valued the lost property by obtaining replacement values through avenues that are not available to plaintiff should he attempt to replace the items. Accordingly, while the replacement value appears appropriate for defendant, it is very doubtful that the reimbursed amount would provide plaintiff with the ability to replace the lost items or otherwise constitute reasonable damages.
7. The Full Commission finds that reasonable compensation for plaintiff's damages would be $97.00.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. Defendant's personnel were under a duty to exercise reasonable care to safeguard Plaintiff's personal property in its possession to ensure that it was not lost. *Page 4 
3. Defendant's personnel breached their duty of reasonable care by losing Plaintiff's personal property.
4. As an actual and proximate result of Defendant's personnel's breach of their duty of care, Plaintiff suffered damages in the amount of the value of his lost property.
5. Having shown that he was damaged by the negligence of Defendant's personnel, Plaintiff is entitled to compensation under the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 * * * * * * * * * * *
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Defendant shall pay plaintiff damages in the amount of $97.00, less the $18.33 already paid.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of April, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER *Page 1