***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Decision and Order of Deputy Commissioner Donovan with minor modifications.
 *********** ISSUES
Plaintiff alleges that he was injured due the negligence of Defendant's employees during the course of an automobile accident in which he was a passenger. Defendant moved to dismiss *Page 2 
Plaintiff's claim on grounds that Plaintiff failed to state a claim upon which relief can be granted in that even if taken as true; his allegations do not establish negligence.
 ***********
The following documents were admitted into evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #1: Police report
2. Plaintiff's Exhibit #2: Sick calls and grievances
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. In an Affidavit filed on April 29, 2004, Plaintiff alleged the following: On November 14, 2003, Plaintiff was being transported by mini-van from Pasquotank Correctional Institution to Central Prison in Raleigh. Correctional Officer Larry W. Owens was driving the vehicle. Also in the van accompanying Correctional Officer Owens were Correctional Officer Victor R. Fesperman and inmates Ronald Finnegan, Ronald Dodd and Elbert A. Simpson. Plaintiff maintains that he requested a seat belt upon entry into the van but that request was denied by Correctional Officers.
2. Both Plaintiff and inmate Finnegan testified without contradiction to the following events: Upon reaching Raleigh on the morning of November 14, 2003, Officer Owens was driving erratically, speeding and weaving in and out of traffic lanes on New Bern Avenue. As the van approached a traffic light on New Bern Avenue, Officer Owens moved into the right hand lane to pass vehicles in front of him. The car immediately ahead of the van slowed to turn right into a parking lot. The path into the lot was blocked and the car came to a stop before *Page 3 
completing the turn. Officer Owens attempted to return to the left lane but was unable to avoid contact with the car, hitting the left rear corner of the car with the right front corner of the van.
3. Plaintiff was thrown forward in his seat and struck the right side of his head and knees on the metal frame of the seat in front of him. Plaintiff immediately complained of pain in his knees, lower back, neck and right side of head and requested an ambulance. The other inmates also suffered injuries. Rather than attend to the injuries, Officer Owens pulled the van into the parking lot of a Kindercare Day Care center and summoned police. The inmates were denied medical care for over two hours while reports were filed. When the van finally left the scene, the inmates were not transported to the Wake Med emergency room facility which was across the street from the accident, but placed back in the van which continued on to Central Prison.
4. Officer Owens was cited by the Raleigh Police for failure to reduce speed.
5. When Plaintiff received medical attention, he was diagnosed with lower lumbar strain, bruised neck and a head contusion. Upon his return to Pasquotank, he was examined by nurse practitioner Davis who entered the same diagnosis. Plaintiff was provided with a knee brace, a back brace, medications and an additional mattress to address his back problems.
6. On December 13, 2004, then Chief Deputy Commissioner Stephen T. Gheen heard Defendant's motion to dismiss Plaintiff's claim in I.C. No. TA-18477, in part on the grounds that Plaintiff was asserting a claim of medical negligence and so was subject to the requirements of N.C. Civil Procedure Rule 9(j). By Order dated December 29, 2004, Deputy Commissioner Gheen denied the motion and specifically found that considering Plaintiff's claims as true, the Affidavit "stated a claim for negligence, but not medical negligence." *Page 4 
7. Plaintiff has undergone continuing treatment, including physical therapy; however, he continues to experience back spasms and pain. By his own calculation, he has been sent by Defendant to over twenty-two doctors. He continues to see a doctor approximately once per month at his own request, although the doctors now claim there is nothing wrong with Plaintiff.
8. On April 3, 2007, Plaintiff filed an additional Affidavit to include claims of "Inadequate medical treatment, medical negligence, maltreatment and medical malpractice." These claims were filed under I.C. No. TA-18984. Plaintiff continued to file requests for hearing and subpoenas related to the medical negligence claims; however, he did so using the I.C. No. TA-18477, rather than the number TA-18984. Consequently, many if not all of the filings pertinent to I.C. No. TA-18984 have been incorrectly added to and addressed under I.C. No. TA-18477. Further, at the current hearing on the issue of negligence raised in TA-18477, Plaintiff offered testimony relevant to the later claim of medical negligence and malpractice under TA-18984.
9. At the current hearing, Plaintiff offered the testimony of Jessica M. Cain, P.A. ("Cain") to neurologist Dr. Yapundick. Cain testified that she has examined Plaintiff and that he continues to experience headaches, neck pain and back pain. Ms. Cain noted that Plaintiff has undergone diagnostic testing including blood work and nerve studies which have returned normal results. She provided treatment of muscle relaxers, pain medications and braces, all of which Plaintiff has received. Cain also recommended an MRI which Plaintiff has not received.
10. Cain noted that Plaintiff has a long-standing condition of diabetes which for some time was not properly controlled. She opined that Plaintiff's current problems could be caused either by an injured disc resulting from the accident or by the diabetes. The MRI test would *Page 5 
allow the probability of a definitive diagnosis as to the source of Plaintiff's current complaints; however, without the test, there is no way to know.
11. Plaintiff maintains that his current treating physicians have determined that there is nothing wrong with him and have refused to order the MRI.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act ("Act"), a Plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230, 381 S.E.2d 792 (1989).
2. Plaintiff has shown the Officer Owens negligently operated a motor vehicle in which Plaintiff was a passenger resulting in Plaintiff's injury. Further, Officer Owens and Officer Fesperman negligently denied Plaintiff immediate medical care for his injuries, resulting in unnecessary pain and suffering and the possible exacerbation of those injuries. Accordingly, Plaintiff is entitled to compensation under the Act.
3. The remainder of Plaintiff's claims involves the treatment or lack thereof he has received from Defendant's medical personnel following the accident and in the years since, including the denial of the MRI and current diagnoses that there is nothing wrong with Plaintiff *Page 6 
at the present. These matters are properly brought under TA-18984 and are not properly before the undersigned.
4. It is noted that Defendant's Motion to Dismiss in this claim was brought pursuant to I.C. No. TA-18477. There has been no pre-hearing motion regarding the claims made in TA-18984, which raises issues of medical negligence and malpractice and so is subject to the requirements of N.C. Civil Procedure Rule 9(j).
5. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 1. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 2. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 3. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
6. Pursuant to N.C. Gen. Stat. § 90-21.12, Plaintiff must show that Defendant's physician provided Plaintiff with a level of care not in accordance with the standards of practice *Page 7 
among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. CanalIndus., Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
7. It is the practice of the Commission to provide a Plaintiff alleging medical negligence and malpractice a period of time in which to provide to the Industrial Commission a written statement from a licensed physician who agrees to review Plaintiff's medical records and offer an opinion regarding Plaintiff's claim of medical malpractice as required by Rule 9(j) prior to ruling on any motions to dismiss the claim. Should the Plaintiff be successful, the state shall then provide the physician with the necessary medical records and a hearing may be held upon the physician's completed review of the records.
8. As stated above, the issues of medical negligence and malpractice as raised in TA-18984 are not properly before the undersigned as they pertain to a claim for which jurisdiction has not been assigned. Accordingly, nothing in this Decision and Order is to be construed as binding on the issues raised in TA-18984. The above recitation is merely for explanatory purposes regarding the judgment rendered in TA-18477.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff shall have and recover the sum of FIVE HUNDRED DOLLARS ($500.00) from Defendant and Defendant shall pay that sum to Plaintiff for the injuries he sustained as a result of the motor vehicle accident on November 14, 2003.
2. Defendant shall bear the costs of this action. *Page 8 
This the __ day of January, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER