***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms the Decision and Order of Deputy Commissioner Donovan.
 ***********
The following documents were proffered into evidence as:
 EXHIBITS
1. Defendant's Exhibit 1: Mail log, 7/20/09
2. Defendant's Exhibit #2: Mail log, 7/13/09
3. Plaintiff's Exhibit #1: Letter from Joseph Hall to plaintiff, dated 3/8/2010
 ***********
Based upon the competent evidence of record, the Full Commission enters the following: *Page 2 
 FINDINGS OF FACT
1. In this Tort Claims action, plaintiff alleges that employees or agents of defendant negligently opened legal mail addressed to him. In 2009, plaintiff was an inmate housed at Harnett Correctional Institution. The mail policy in practice for Harnett Correctional Institution at that time provided that mail sent to inmates which appeared to be legal mail "may or may not" be opened prior to its delivery to the addressee. The determination of whether any given item constitutes legal mail is subjective and a matter of interpretation by the correctional officer assigned to the mailroom.
2. On 13 July 2009, plaintiff received an envelope from the Administrative Office of Programs, Department of Justice. Correctional Officer James Martin was assigned to the mail center. He determined that the letter was legal mail and logged the envelope in on a Form DC218. According to policy, he sent for plaintiff and the envelope was opened in front of plaintiff.
3. On 20 July 2009, plaintiff received a second letter from the same sender. The legal mail log from that date does not reflect that plaintiff received legal mail on that date. Plaintiff claims he received the envelope through the regular mail delivery and that it had been opened prior to his receipt.
4. A number of correctional officers testified at the hearing before the undersigned. All stated that at various times plaintiff had refused to accept mail from them which had been opened and which plaintiff claimed was legal mail. None of the officers could state whether the individual letters in question were legal mail. *Page 3 
5. Plaintiff was denied possession of an envelope from the Industrial Commission, date unknown, due to a metal bracket enclosure on the envelope. Plaintiff was allowed the contents of the envelope.
6. On 15 February 2010, plaintiff took an envelope to be mailed. The mail room officer refused the envelope, claiming that there was insufficient postage based on the thickness of the envelope. Plaintiff later attempted to resend the envelope without changing the amount of postage, its thickness was re-measured and it was accepted by the mail room.
7. Plaintiff maintains that he had two claims, TA-19802 and TA-20266, dismissed by the Industrial Commission due to a delay by the mail room in providing plaintiff with his legal mail. Plaintiff claimed that his requests for extensions of time in those cases were denied without explanation.
8. It appears from Industrial Commission records that plaintiff was awarded a judgment in TA-19802 which was not appealed, and plaintiff's claim in TA-20266 was dismissed for failure to show actionable negligence on the part of correctional staffers. There is no record of dismissal in either case based on a failure to timely respond.
9. Evidence was received that the Harnett Correctional Institution receives approximately 600-700 pieces of mail per day. Whether a piece of mail is deemed legal mail must be determined by the information on the outside of the envelope. If it is deemed not to be legal mail, it is opened and may be re-examined to make that determination. Regarding the envelope from 20 July 2009, testimony was offered that because the sender was identified on the envelope as the Administrative Office of Programs, may be why it was not deemed legal mail.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following: *Page 4 
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230, 381 S.E.2d 792 (1989).
2. The State Tort Claims Act provides that the State is liable only for the negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq; Isenhour v.Hutto, 129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd inpart and rev'd in part on other grounds,350 N.C. 601, 517 S.E.2d 121 (1999).
3. In this case, there is no evidence that the person or persons who opened plaintiff's mail did so negligently. The acts of opening the mail may have been intentional, in which case they were not acts of negligence. However, even if the envelopes were opened by persons who did not adequately check to see whether the mail in question was legal mail, plaintiff has failed to show that in so doing the officer unreasonably exercised the discretion allowed under defendant's policy. Lastly, plaintiff has failed to show any damages resulting from the opening of his mail by institution authorities.
4. The allegation that the refusal to mail plaintiff's submission due to insufficient postage is without merit. Postage is based upon the thickness of the envelope. The letter entered into evidence as Plaintiff's Exhibit #1 indicates that a simple compression of the envelope to eliminate air could have resulted in the difference in measurements. The evidence shows that the *Page 5 
envelope was measured twice and that in both instances the mail room officers acted accordingly.
5. Lastly, the refusal to allow plaintiff an envelope which had a metal bracket on it has not been shown to be contrary to policy or to constitute a negligent act.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover nothing from NCDOC, and his claim against the NCDOC is dismissed.
2. Each party shall pay their own costs.
This the ___ day of September 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ TAMMY R. NANCE COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1