***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Holmes.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. On April 21, 2004, plaintiff was incarcerated at Nash Correctional Institution and was eating in the dining hall at about 4:00 p.m. when inmate David Netcliff, hereinafter Netcliff, attacked plaintiff with a master lock inside of a sock.
2. Plaintiff testified that he had been hit by Netcliff several times and claimed that the assault occurred because N.C.D.O.C. officers assigned to the dining hall were negligent in their duties. Namely, that the officers were not paying attention because they were engaged in conversation and that the officers did nothing to stop the attack.
3. Sergeant Taylor testified that she was assigned to the dining hall at Nash Correctional Institute on April 21, 2004.
4. Sergeant Taylor also testified to the fact that correctional officers do use radios to communicate during shifts in order to secure the inmates and facility, but that she immediately noticed Netcliff assaulting the plaintiff and responded promptly by moving towards the plaintiff while issuing verbal direct orders to "Stop." According to Sergeant Taylor, Netcliff disobeyed all direct orders and she was forced to use pepper spray on Netcliff in order to stop the attack.
5. Sergeant Taylor further testified that an investigation was made of this incident and that she followed N.C.D.O.C. policy at all times.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff *Page 3 
must allege and prove the negligence of a named officer, agent or employee of the N.C.D.O.C. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woodard v.DOT, 93 N.C. App. 214, 377 S.E.2d 792 (1989).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prove negligence, plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp., 326 N.C. 701, 392 S.E.2d 380
(1990); Bolkhir, 321 N.C. at 709, 365 S.E.2d at 900.
3. It is well established law that defendant is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another . . ." Taylor v. N.C. Dept. ofCorrection, 88 N.C. App. 446 at 452, 363 S.E.2d 868 at 871 (1988).
4. The evidence of record shows that Netcliff did assault plaintiff causing injuries and that the attack stopped because Netcliff was sprayed with pepper spray by N.C.D.O.C. officers.
5. The evidence of record also shows that N.C.D.O.C. staff assigned to the dining hall on April 21, 2004, including Sergeant Taylor, responded promptly and appropriately in order to stop the assault and secure all inmates in the dining hall. As such, plaintiff has failed to show that any of Defendant's employees were negligent.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 4 
 ORDER
1. Plaintiff's claim must, under the law, be and hereby is DENIED, and DISMISSED WITH PREJUDICE.
2. Each party shall bear its own costs. Plaintiff having been grantedin forma pauperis status, he shall not be required to pay any costs.
IT IS FURTHER ORDERED that this case be REMOVED from the hearing docket.
This the 11th day of March, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY L. MCDONALD COMMISSIONER *Page 1