* * * * * * * * * * *
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan. The appealing party has shown good grounds to reconsider the evidence. Having reviewed the competent evidence of record, the Full Commission modifies the Decision and Order of Deputy Commissioner Donovan as follows.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
FINDINGS OF FACT
1. On June 19, 2006, plaintiff was housed at the Lanesboro Correctional Institution. When he was moved to segregation, his property was taken and divided into that which he could *Page 2 
have in his cell and those items needing to go into storage. DC-160 forms itemizing plaintiff's possessions were completed for both sets of items.
2. Plaintiff refused to sign the listing of items intended for storage because the list did not specifically enumerate the books and papers. When plaintiff left segregation and the items were returned, plaintiff contended that some items were missing.
3. The original listing states that the property included among other items, "Asst. Books (24)," and "Asst Magz (25) includes sheet music."
4. When the property was returned to plaintiff, he prepared a list of items that were missing (Plaintiff's Exhibit #1, pg. 5) including a number of items of nominal value, and eight law books, ranging in claimed value from $100.00 to $500.00.
5. There is no evidence as to how plaintiff obtained the missing items, and there is insufficient evidence to prove the value of the missing items.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989). *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prove negligence, plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp., 326 N.C. 701, 392 S.E.2d 380
(1990), Bolkhir, 321 N.C. at 709, 365 S.E.2d at 900.
3. Plaintiff has shown by the greater weight of the evidence that defendant was negligent in failing to return all of his property removed from his cell on June 19, 2006 by employees of defendant. However, plaintiff has not presented sufficient evidence of the value of the missing items. Therefore, plaintiff has failed to prove the amount of damages to which he would be entitled. Id.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
Plaintiff's claim for negligence is hereby DENIED.
No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 3rd day of April 2008.
S/_____________ STACI T. MEYER COMMISSIONER
CONCURRING: *Page 4 
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER