***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence. Accordingly, the Full Commission AFFIRMS the Decision and Order of the deputy commissioner and enters the following Decision and Order.
 ***********
The following documents were proffered as evidence before the deputy commissioner as:
 EXHIBITS
1. Defendant's Exhibit #1: Medical records of 12 January 2005 — 22 June 2005
2. Defendant's Exhibit #2: Police report
3. Plaintiff's Exhibit #1: Medical Records from Schilsky Chiropractic Center *Page 2 
4. Plaintiff's Exhibit #2: DOC referral form for physical therapy
5. Plaintiff's Exhibit #3: Medical evaluation
6. Plaintiff's Exhibit #4: Administrative Remedy Procedure Form
 *********** ISSUES
Plaintiff alleges that he was injured due the negligent operation of a DOC vehicle by defendant's employees during the course of an automobile accident in which he was a passenger. Defendant moved to dismiss plaintiff's claim on grounds that plaintiff failed to state a claim upon which relief can be granted in that the complaint fails to allege specific negligent acts by defendant's employees, and that the Commission lacks subject matter jurisdiction over the claim. Defendant's Motion to Dismiss was denied by Order of Special Deputy Commissioner Donna Taylor, dated 10 March 2008.
 ***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 14, 2005, plaintiff was being transported by Department of Corrections van driven by Correctional Officer Jerry O. Hardison. At approximately 6:20 a.m., the van was traveling west on Highway 64. The van was carrying 26 inmates. Plaintiff was not wearing a seatbelt. Whether any of the other inmates were wearing seatbelts is not in evidence.
2. As the DOC van rounded a curve in the road, the driver's side mirror of the van was struck by the driver's side mirror of an oncoming mailtruck traveling east. The mirrors *Page 3 
came off the vehicles and struck a third vehicle traveling behind the DOC van. All three vehicles pulled off the highway following the collision.
3. When the van pulled off the road, plaintiff fell out of his seat and suffered contusions and an injury to his right rotator cuff. Subsequent to the accident, plaintiff received medical treatment for his injuries.
4. There is no evidence regarding negligence that was the cause of the accident in question. None of the persons involved were assessed with fault by the investigating Officer, and while there is no question that an accident occurred and that plaintiff suffered injuries as a result of the accident, there is no evidence that Officer Hardison crossed the center line of the road and caused the accident by virtue of his negligent operation of the vehicle.
5. Based upon the greater weight of the evidence, plaintiff has failed to prove that any of the employees or agents of defendant breached a duty owed to plaintiff.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230, 381 S.E.2d 792 (1989). *Page 4 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prove negligence, plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp.,326 N.C. 701, 392 S.E.2d 380 (1990), Bolkhir,321 N.C. at 709, 365 S.E.2d at 900.
3. Plaintiff has failed to show by the greater weight of the evidence that defendant's employees breached a duty to plaintiff by causing an accident resulting from the negligent operation of a motor vehicle. Id.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff's claim against defendant is DENIED and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 3rd day of September, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1